Webber<br>v.<br>Williams<br>College.

*Rantoul*, for the plaintiff.

*Shillaber* and *Huntington*, for the defendants, to the point, that the note was not binding on the defendants, Fessenden not being authorized to execute it in their name, cited *Emerson* v. *Providence Hat Manufacturing Co.* 12 Mass. R. 237.

---

## GRAND BANK *versus* DAVID BLANCHARD.

If notice of the non-payment of a note be given by a bank, to the indorser, on the day next after the last day of grace, it is sufficient, although it be the usual course of business at the bank to give such notices on the last day of grace, after banking hours.

By an agreed statement of facts, it appeared, that this was an action by a bank established in the town of Marblehead, against the defendant, a resident in that town, as indorser of a promissory note ; that the plaintiffs demanded payment of the makers, according to the usual course of business of the bank, by a notice informing them, that the note was due, and that it was at the bank for payment ; that the note not having been paid, the cashier, on the afternoon of the last day of grace, wrote a notice of such non-payment, addressed to the defendant, and gave the same to the messenger of the bank to be delivered to the defendant ; that the messenger did not deliver it to the defendant until between 8 and 9 o'clock of the next morning, before the usual time of opening the bank for business ; and that the makers of the note became insolvent several months before it was payable.

It was the usual course of business at the bank, to deliver notices of non-payment to indorsers, on the last day of grace, immediately after the bank was closed.

If the notice given to the defendant was sufficient, he was to be defaulted ; otherwise, the plaintiffs were to become nonsuit.

*Saltonstall* and *B. Merrill*, for the plaintiffs, cited Bayley on Bills, (2d Amer. ed.) 262 – 264 ; *Whitwell* v. *Johnson*, 17 Mass. R. 449 ; *Shed* v. *Brett*, 1 Pick. 401.

*Nov. 9th*

*Perkins* and *Fabens*, for the defendant, cited *Boston Bank* v. *Hodges*, 9 Pick. 420.

Grand Bank
*v.*
Blanchard.

SHAW C. J. afterward drew up the opinion of the Court A question was made by the counsel for the defendant, whether the defendant could be liable as indorser, without au actual presentment to the makers, and a refusal by them, it not appearing affirmatively, that the defendant was conusant of the bank usage respecting the mode of demand. This point was afterwards waived, and is not material in the present case. But the custom of the banks of Massachusetts, of sending a notice to the maker of a note to come to the bank and pay it, and treating his neglect to do so during bank hours, on the last day of grace, as a dishonor, and all parties acquiescing in, and consenting to, such neglect as a dishonor, has become so universal and continued so long, that it may well be doubted, whether it ought not now to be treated as one of those customs of merchants, of which the law will take notice, so that every man, who is sufficiently a man of business to indorse a note, may be presumed to be acquainted with it, and assent to it, at least, until the contrary is expressly shown. It is to be recollected, that the rules respecting presentment, demand, and dishonor of bills of exchange and promissory notes, and indeed the *lex mercatoria* generally, originated in the custom of merchants, which custom was a matter of fact to be proved by the party relying on it, and to be determined by the jury. But when a custom has been definitely settled by judicial decisions, it is taken notice of by courts as part of the law of the land, and need not be proved as a fact in each case. 1 Bl. Comm. 75 ; *Edie* v. *East Ind. Co.* 2 Burr. 1226. But the point being waived, it is not necessary to say whether the plaintiff must have failed for want of a statement of that usage in the facts agreed.

. It is conceded in the case, that the presentment of the note to the maker, his neglect to pay it during bank hours, on the last day of grace, conformably to the usage of the bank, constituted the dishonor of the note. But the defendant insists, that the notice to him was not seasonable, because the bank have been accustomed to send notice to indorsers, on the afternoon of the last day of grace, soon after the bank closes ; and, therefore, they did not in this case conform to their own usage, the notice not being sent till next morning ; and the defendant relies on the authority of *Boston Bank* v. *Hodges*, 9 Pick.

420. The settled general rule of the mercantile law is, that notice to the indorser on the day of the dishonor and after it, or in the course of the next succeeding day, is seasonable. All that is peculiar in the custom and usage of banks, in this State, affects the mode of presentment. The presentment to the promisor, and the giving of notice to the indorser, are distinct acts. The presentment being good according to custom, and the note remaining unpaid in the bank, it was dishonored ; then the only remaining question was, whether the defendant had seasonable notice. If the bank had the afternoon of the day of dishonor, and the whole of the next day, to give notice, we do not think that their right is restrained by the fact, that they have usually done their duty promptly at the earliest time. It is to be presumed, that banks acting upon important interests, in pursuance of general rules, by officers, to whom particular duties are specially assigned, would give their notices at the earliest time after the dishonor ; but that does not restrain their liberty allowed by law and by general mercantile usage, when they have occasion to use it.

The case differs entirely from *Boston Bank* v. *Hodges*. There the note was not dishonored when the indorser had notice, nor even when the suit was brought ; not by presentment to the maker, for none had been made ; nor by a notice to the maker to come to the bank and pay it, during the banking hours of the last day of grace, and his failure to do so, because it was sued before the commencement of those banking hours. The cause was decided upon the ground, that there had been no legal demand upon the maker, either according to the general rule of law, or according to their usage ; but the principles of that decision, we think, do not touch the present case.

*Judgment for the plaintiffs.*